IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **AVENIR FOPOUSSI TOUWE,** : | |
| Plaintiff, : | |
| v. : | **Civ. Case No. GLS 24-935** |
| **ALEJANDRO MAYORKAS** *et. al*, : | |
| Defendants. : | |

# MEMORANDUM OPINION

Pending before the Court[1] is the "Motion to Dismiss Plaintiff's Complaint" ("Motion") filed by Defendants the Secretary of the U.S. Department of Homeland Security, the Director of the United States Citizenship and Immigration Services, the U.S. Attorney General, the Director of the Baltimore Field Office of U.S. Citizenship and Immigration Services, and the U.S. Attorney for the District of Maryland (collectively "Defendants"). (ECF No. 21). To date, Plaintiff Avenir Fopoussi Touwe ("Plaintiff") has not filed an Opposition and the time to do so has passed. *See* Loc. R. 105.2(a) (D. Md. 2025). The Court has considered the Motion and decided that the Motion if ripe for resolution, and finds that a hearing is unnecessary. *See* Loc. R. 105.6 (D. Md. 2025).

For the reasons set for below, the Motion is **GRANTED**.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of this Court to conduct all further proceedings in this case, to include through trial, entry of final judgement, and resolution of post-judgment proceedings. (ECF No. 16).

I.  **PROCEDURAL AND FACTUAL BACKGROUND**[2]

On September 9, 2022, Plaintiff filed a Form I-130 Petition for Alien Relative ("Petition")[3] and a Form I-485 Application to Register Permanent Residence or Adjustment ("Application") with the U.S. Citizenship and Immigration Services ("USCIS"). (ECF No. 1, "Complaint," ¶¶ 1, 14). Thereafter, Plaintiff submitted all required information to USCIS and complied with all requests and appointment notices, including completion of the necessary biometric appointments for security clearances. (*Id.*, ¶¶ 14–16). During the period following his submissions, Defendants did not challenge Plaintiff's eligibility for approval of the Petition and Application. (*Id.*, ¶ 16).

Plaintiff understood that, according to USCIS, the average processing time for petitions and applications like Plaintiff's ranges from 18 months to 23.5 months. (Complaint, ¶ 18). After eighteen months passed without hearing from USCIS, Plaintiff contacted the agency numerous times regarding the status of the Petition and his Application (*Id.*, ¶ 19). During these communications with the agency, USCIS informed Plaintiff that the Petition and Application were still pending; the agency did not advise Plaintiff as to when his case would be adjudicated. (*Id.*).

On March 29, 2024, Plaintiff filed a "Complaint for Declaratory Judgment and Injunctive Relief and for a Writ in the Nature of Mandamus," seeking to "compel action on a Petition for Alien Relative [("Form I-130 Petition")] and an Application to Register Permanent Residence or Adjust Status [("Form I-485 Application")]." (Complaint, ¶ 1). By the time that the Complaint was filed, eighteen months had passed since Plaintiff had submitted all documents to USCIS, yet USCIS still had not made a final decision on Plaintiff's Petition and Application. (*Id.*, ¶ 22). Thus, Plaintiff filed the instant lawsuit to compel agency action on the Petition and Application. (*Id.*, ¶1).

---

[2] Unless otherwise noted, the facts are taken from the Complaint, and are construed in the light most favorable to the non-moving party, Plaintiff. This Court assumes Plaintiff's version of facts to be true. *See Balt. Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019).
[3] The Complaint does not identify the alien relative. (ECF No. 1).

According to Plaintiff, then, because of Defendants' inaction, he "has been damaged and continues to be damaged by the Defendants' [inaction]," namely: "the uncertainty and unreasonable delay" surrounding his ability to adjust his immigration status to lawful permanent resident causes him emotional distress; Plaintiff has "lost a significant amount of work time" pursuing his Petition and Application; and his right to the due process of law and equal protection under the Fifth Amendment to the United States Constitution, "have been and are being violated." (Complaint, ¶¶ 21- 23.a–23.d). Thus, Plaintiff asks this Court to: (a) find that Defendants have violated the law and to enter declaratory judgement in his favor; (b) order Defendants to adjudicate the Petition and Application "without further delay;" and (c) award him costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (*Id.*, p. 10).

On October 4, 2024, Defendants filed a motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks subject matter jurisdiction.

Thereafter, the Court ordered Plaintiff to file a response to the Motion. (ECF No. 22). Plaintiff failed to comply with the Court's order; thus, the Court issued an order directing Plaintiff to show cause as to why Defendant's Motion to Dismiss should not be granted. (ECF No. 23). To date, Plaintiff has not filed a response.[4]

## II.  DISCUSSION

### A. The Law

#### 1. Subject-Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. When a defendant challenges a court's subject-

---

[4] Because Plaintiff has not filed an Opposition or otherwise responded to the Motion, the Court can rule on the Motion. *See White v. ADT*, Civ. No. ELH 19-03316, 2020 WL 374617, at *2 (D. Md. Jan. 1, 2020) ("When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion." (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004))).

matter jurisdiction to hear a case, the "plaintiff bears the burden of establishing that subject-matter jurisdiction exists." *See Elliot v. U.S. Dep't of Agric.*, Civ. No. LKG 22-0142, 2023 WL 4175355, at *2 (D. Md. June 26, 2023) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)), *appeal dismissed,* No. 23-1990, 2024 WL 2575398 (4th Cir. May 24, 2024).

When advancing a Rule 12(b)(1) challenge to subject-matter jurisdiction, a movant asserts either a facial challenge (asserts that the allegations pleaded in the complaint are insufficient to establish subject-matter jurisdiction); or a factual challenge (asserts "that the jurisdictional allegations of the complaint [are] not true" or "challenges the factual predicate" of jurisdiction). *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (alteration in original) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Where a defendant mounts a factual challenge, a court "is to regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Indeed, a court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (further citation omitted). Put another way, "[a] court should grant a Rule 12(b)(1) motion if the 'material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, Civ. No. CCB 10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011) (quoting *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)).

Finally, it is well settled that a federal court always has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz*

*Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a federal court determines that it lacks subject-matter jurisdiction over a case, then dismissal is required. Fed. R. Civ. P. 12(h)(3).

      2. <u>Mootness: Case or Controversy Requirement</u>

Article III of the United States Constitution limits a federal court's jurisdiction to "cases" or "controversies." U.S. Const. Art. III, § 2, cl. 1; *see also Eden, LLC v. Justice*, 36 F.4th 166, 169–70 (4th Cir. 2022).

It is well settled that "[t]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." *Fleet Feet, Inc. v. Nike, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (quoting *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017)). Thus, for a court to retain subject-matter jurisdiction over a case, the issues raised in a complaint cannot be moot. *Id.* Under the doctrine of mootness, a "case becomes moot, and therefore nonjusticiable, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (quotation marks omitted) (quoting *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013). Put another way, when a plaintiff obtains the relief sought, his claim becomes moot because there is no longer a case or controversy and thus the court lacks subject-matter jurisdiction. *Watkins v. Napolitano*, Civ. No. RWT 11-2257, 2012 WL 4069763, at *2 (D. Md. July 27, 2011); *see also Warren v. Sessoms & Rogers, P.C.*, 676 F.3d 365, 370 (4th Cir. 2012) (holding that when a plaintiff has no cognizable interest in the outcome of the case, the case is moot), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *Cox v. Carter*, Civ. No. PX 23-1222, 2023 WL 8235161, at *1–2 (D. Md. Nov. 28, 2023) (explaining that a case becomes moot "when the issues presented are no longer 'live'" (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

In addition, where a plaintiff seeks mandamus relief, a writ of mandamus "will not issue in the case of . . . moot questions." *Nhung Thi Tran v. Holder*, Civ. No. DKC 10-2503, 2011 WL 3236098, at *2 (D. Md. July 27, 2011) (quoting 52 Am. Jur. 2d Mandamus § 45 (Supp. 2011)).

When a defendant raises a mootness challenge, "the defendant has the burden of establishing that a case is moot." *Watkins*, 2012 WL 4069763, at *2 (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632–33 (1953)).

**B. Analysis**

In the Complaint, Plaintiff seeks relief pursuant to: the Fifth Amendment to the United States Constitution (Counts I–IV); the Mandamus Act, 28 U.S.C. §§ 1361, 1651[5] (Count I); the Administrative Procedures Act, 5.U.S.C. § 706(1) ("APA") (Counts II–III); and the Declaratory Judgement Act, 28 U.S.C. § 2201 (Count IV) . (*Id.*, ¶¶ 30–54). In particular, Plaintiff alleges that Defendants directly violated the APA when USCIS: (1) willfully and unreasonably delayed and refused to perform its clear, non-discretionary duties; (2) arbitrarily and capriciously failed to render a timely decision on the Petition and Application; and (3) failed to discharge its mandated official duties pursuant to the Code of Federal Regulations ("C.F.R."), constituting agency action "unlawfully withheld." (Complaint, ¶¶ 24–49).[6] Accordingly, Plaintiff asks the Court to issue a

---

[5] The Mandamus Act provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," and "may issue all writs necessary or appropriate . . . and agreeable to usages and principles of law." 28 U.S.C. §§ 1361, 1651.

[6] The APA requires that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Pursuant to section 706 of the APA, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, the APA only empowers courts to compel agency action where the challenged action is "ministerial or non-discretionary" *See Vt. Yankee Nuclear Power Corp. v. Nat'l Res. Def. Council, Inc.*, 435 U.S. 519, 546 (1978) (holding that "Congress intended that the discretion of the *agencies* and not that of the courts be exercised in determining when extra procedural devices should be employed." (emphasis in original)). Thus, the "extraordinary remedy of mandamus . . . will issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988). To show that the government owed a clear nondiscretionary duty, the plaintiff must establish that: (1) "he has the clear legal right to the relief sought;" (2) the defendant "has a clear legal duty to do the particular act requested;" and (3) that "no other remedy is available." *Goumilevski v. Chertoff*, Civ. No. DKC 06-3247, 2007 WL 5986612, at *4 (D. Md. July 27, 2007) (quoting *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998)).

writ of mandamus and to enter a declaratory judgment that Defendants' failure to act on the Petition and Application is unlawful, and to order Defendants to adjudicate the Petition and Application without further delay. (*Id.* ¶¶ 24–54).

In the Motion, Defendants assert that on September 26, 2024, USCIS denied the Petition and Application, which renders moot the instant lawsuit. According to the Defendants, then, the Court lacks subject matter jurisdiction. (Motion, pp. 4–7). Appended to the Motion are redacted copies of USCIS's Notices of Decision and Decision denying the Petition and Application. (ECF Nos. 21, 21-1, 21-2).

The Court first holds that the Mandamus Act provided it with subject matter jurisdiction when the Complaint was filed to issue a writ to compel USCIS and the other Defendants to perform a legal duty owed to the Plaintiff. However, the Court next finds that because Defendants have raised a mootness challenge, the Court must determine whether it lacks subject matter jurisdiction and dismissal of this case is required. *Nhumg Thi Tran*, 2011 WL 3236098, at *2; *see also Fleet Feet*, 986 F.3d at 463; Fed. R. Civ. P. 12(h)(3).

The Court also holds that because Defendants are mounting a factual challenge, the Court can review the Notices of Decision and Decision to determine whether it has subject matter jurisdiction. *Evans*, 166 F.3d at 647; *Williams*, 50 F.3d at 304.

In determining whether it has subject matter jurisdiction, the Court finds *Watkins v. Napolitano, supra*, to be instructive. In *Watkins*, the plaintiffs, a husband and wife, sought mandamus relief to compel USCIS to adjudicate the husband's Form I-130 petition and challenge the denial of the wife's Form I-485 application. 2012 WL 4069763, at *1. The defendants produced evidence that USCIS denied the husband's Form I-130 petition and sought dismissal under Rule 12(b)(1). *Id.*, at *2. The court held that due to USCIS's subsequent denial of the Form I-130

7

petition, the husband's petition for a writ of mandamus was rendered moot. *Id.*, at *3. Thus, the court held that it lacked subject-matter jurisdiction over the claims and granted the defendants' motion to dismiss. *Id.*, at *4.

Here, the Defendants have met their burden of establishing that this case is moot. Defendants have produced evidence that USCIS adjudicated Plaintiff's Petition and Application on September 26, 2024. (ECF Nos. 21-1, 21-2). Thus, based on the information before it, the Court finds that Plaintiff has obtained the relief sought in the Complaint and therefore holds that Plaintiff's petition for a writ of mandamus and request for entry of a declaratory judgment are now moot. *Fleet Feet*, 986 F.3d at 463; *see also Zdzieborski v. Mayorkas*, Civ. No. JKB 22-1609, 2023 WL 2585533, at *2 (D. Md. Mar. 21, 2023) (dismissing as moot a mandamus action seeking adjudication of a Form I-485 application where USCIS subsequently adjudicated the application); *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) (holding the same.).

As held above, Plaintiff has failed to respond to the Motion, and has failed to establish that he "has a clear legal right to the relief sought." *Goumilevski*, 2007 WL 5986612, at *4. Because the material jurisdictional facts are not in dispute, the Court must grant the Motion. *See El-Amin*, 2011 WL 2580630, at *2; *Watkins*, 2012 WL 4069763, at *2.

The Court will dismiss this case without prejudice[7] for lack of subject-matter jurisdiction and the Motion will be granted.

### III.   CONCLUSION

For the foregoing reasons, the Motion, (ECF No. 21), is **GRANTED.** The Clerk of the

---

[7] "A dismissal for lack of standing—or any other defect in subject-matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n. v. OpenBand at Broadlands, LLC.*, 713 F.3d 175, 185 (4th Cir. 2013) (internal citations omitted) (citing Fed. R. Civ. P. 41(b)).

Court is directed to close the case.

    A separate Order will follow.


Date: September 8, 2025

                                                /s/
                                      The Honorable Gina L. Simms
                                      United States Magistrate Judge